**Victor ALCOCER, Petitioner—Appellant,**

v.

**Ernest C. ROE, Warden, Respondent—Appellee.**

No. 02–16071.

D.C. No. CV–99–06341–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 18, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**MEMORANDUM***

California state prisoner Victor Alcocer appeals pro se from the denial of his habeas corpus petition, challenging his conviction for attempted murder and assault with a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Alcocer contends that the evidence was insufficient to support the jury's verdicts, because there was no proof that the handgun he used was operable.[1] We review the district court's ruling de novo, *Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000), and conclude that this contention lacks merit. Based on the victim's testimony, a reasonable fact finder could have concluded that the firearm was loaded and that Alcocer expected it to fire. *See Jackson v. Virginia,* 443 U.S. 307, 324, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (articulating standard for evaluating sufficiency of the evidence for habeas review, and rejecting requirement that prosecution disprove all contrary theories). The state courts' conclusions were neither contrary to nor an unreasonable application of *Jackson,* and the district court properly denied the petition. *See Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 361, 154 L.Ed.2d 279 (2002) (per curiam).

**AFFIRMED.**

---

1. The state points out that the only aspect of operability Alcocer presented to the California Supreme Court was whether the firearm was loaded. We are permitted, however, to reject petitioner's unexhausted claim on the merits. 28 U.S.C. § 2254(b)(2).